CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 12 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS WILLIAM BALL, | |
| Plaintiff, | Case No. 7:10CV00303 |
| v. | MEMORANDUM OPINION |
| CITY OF BRISTOL, VA, JAIL, | By: Glen E. Conrad |
| Defendants. | Chief United States District Judge |

Plaintiff Travis William Ball, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Ball alleges that while he was incarcerated at the Bristol City Jail (the jail) in Bristol, Virginia, he slipped in water accumulated on the floor around a leaky toilet and broke his hand. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Ball states his claim and supporting allegations as follows:

I slipped and fell due to th[eir] toilet's leaking and broke my hand. They [had] been aware of the toilet leaks. They didn't fix the toilets. They didn't fix the toilet after I broke my hand due to their negligence. Now I'll never be able to use my hand proper again. I am right handed.

(Compl. 2.) Ball sues the jail, seeking to have his medical bills paid and to receive $200,000 in damages. He states that he exhausted administrative remedies at the jail and submits a copy of one grievance, dated June 19, 2010, in which he stated: "I wrote a grievance on my toilet [and] got no respon[se]. The plumber fixed cell 1 but did not even look at mine. I've already fell once

[and] broke my hand due to my toilet leak."[1] Ball also submits a copy of an invoice in the amount of $1,041.00 from a local hospital for service rendered on June 14, 2010.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Ball's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

As a preliminary matter, Ball cannot maintain his action against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The jail is the only defendant Ball has named. While the court could allow plaintiff to amend to name individual officials as defendants, if warranted, the court is satisfied that his allegations fail to state any actionable § 1983 claim against anyone.

---

[1] The written response on the grievance form, dated June 24, 2010, stated: "Called the plumber this morning 6-24-10 [and] he should be able to look at it Friday the 25th."

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981).[2] On the other hand, individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury. Daniels v. Williams, 474 U.S. 327 (1986). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm–that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that he disregarded the risk by failing to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).

---

[2] It is not clear from the allegations in the complaint whether Ball, at the time of his injury, was a pretrial detainee or a convicted inmate serving a criminal sentence. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment, which applies to convicted inmates. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. Even harsh and uncomfortable prison conditions cannot be considered punishment, however, so long as they are rationally connected to a legitimate, nonpunitive, penological purpose and are not excessive in relation to that purpose. Id. As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

Ball's allegations fail to indicate that any officer at the jail knew at the time Ball was injured that the leaky toilet posed a substantial risk of serious harm to anyone or that they responded unreasonably to the problem, either before or after his fall. Ball's submissions indicate that officials called a plumber to fix leaky toilets at the facility at least twice in the prior month. The mere fact that the leak in Ball's cell was not fixed in time to prevent the puddle in which Ball slipped indicates, if anything, that officers may have been negligent in not calling the plumber a few days earlier. Finding no respect in which the situation Ball describes could support a finding that officials acted with deliberate indifference to a serious risk of harm, the court concludes that Ball's complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.[3] An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days

---

[3] Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983. See, e.g., Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (finding that standing water in prison shower did not pose substantial risk of serious harm even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (finding that "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995) (finding that inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); Brown v. Thorton, No. 3:09cv396/RV/MD, 2010 WL 942085 (N.D. Fla. Mar. 1, 2010) (finding no Eighth Amendment claim where inmate slipped while wiping up water from overflowing, clogged sink that jail officials had attempted to fix); Davis v. Corrections Corp. of America, No. 5:07cv279/RS/EMT, 2008 WL 539057 (N.D. Fla. Feb.22, 2008) (holding that plaintiff's allegations that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation); Bacon v. Carroll, 232 Fed. App'x 158, 160 (3rd Cir. Apr. 30, 2007) (finding prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); Bell v. Ward, 88 Fed. App'x 125, 127 (7th Cir. Feb. 6, 2004) (finding accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); Beasley v. Anderson, 67 Fed. App'x 242 (5th Cir. 2003) (finding prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Lefall v. Johnson, 48 Fed. App'x 104 (5th Cir. 2002) (finding prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983).

of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of July, 2010.

/s/ Glen Conrad
Chief United States District Judge